**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000290
09-FEB-2024
07:51 AM
Dkt. 98 SO**

NO. CAAP-23-0000290

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ADOPTION OF A MALE CHILD
by C.C. and J.C., Petitioners-Appellees

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1AD221000013)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

C.C. and J.C. (together, **Adoptive Parents**) adopted **Child**. Child's natural father **A.M.** moved to overturn the adoption. The Family Court of the First Circuit denied A.M.'s motion by order entered on April 4, 2023.[1] A.M. appeals. We affirm.

Child was born in 2016. In re A.A., 150 Hawaiʻi 270, 273, 500 P.3d 455, 458 (2021) (**AA I**), cert. denied sub nom. McCoy v. Haw. Dep't of Human Servs., No. 21-1467, 143 S. Ct. 94 (U.S. Oct. 3, 2022) (mem.). One week later, DHS filed a petition for foster custody (the **CPS Case**). The family court defaulted the then-unknown natural father for failing to appear after service by publication. The family court gave DHS foster custody of Child. Child was placed with Adoptive Parents. The family court eventually terminated the parental rights of Child's natural

---

[1]     The Honorable Andrew T. Park presided.

mother and then-unknown father and awarded DHS permanent custody of Child.  The family court approved adoption as the permanency plan for Child on August 14, 2018.

On October 9, 2018, A.M. contacted DHS about "the process of legally bringing [Child] home."  AA I, 150 Hawaiʻi at 274, 500 P.3d at 459.  A.M. had been adjudicated as Child's natural father in a separate paternity case.  A.M. moved to intervene in the CPS Case.  He was ordered to first move to set aside his default and the termination of his parental rights. After trial, the family court denied A.M.'s motion to set aside his default and his motion to intervene.  Id. at 278, 500 P.3d at 463.  A.M. appealed.

The supreme court held that service by publication did not violate A.M.'s constitutional rights, AA I, 150 Hawaiʻi at 285, 500 P.3d at 470, and the family court did not err by declining to vacate A.M.'s default or the termination of his parental rights, id. at 285-86, 500 P.3d at 470-71.  But it also held that A.M. wasn't required to set aside his default or the termination of his parental rights before proceeding with his motion to intervene.  Id. at 286, 500 P.3d at 471.  The CPS Case was remanded to the family court.

On February 7, 2022, DHS initiated the case below (the **Adoption Case**) by petitioning the family court to let Adoptive Parents adopt Child.

On February 17, 2022, A.M. renewed his motion to intervene in the CPS Case.  In re A.A., No. CAAP-22-0000427, 2023 WL 3619865, *2 (Haw. App. May 24, 2023) (mem.) (**AA II**), cert. rejected, No. SCWC-22-0000427, 2023 WL 5400092 (Haw. Aug. 22, 2023).  The family court heard and orally denied the motion on March 14, 2022.  Id.

On March 22, 2022, in the Adoption Case, the family court heard and orally granted the petition for adoption.

On April 27, 2022, the family court revoked DHS's custody of Child and terminated its jurisdiction over the CPS Case given Child's adoption.  AA II at *2.

2

The Adoption Decree was entered in the Adoption Case on April 28, 2022.

On May 5, 2022, in the CPS case, A.M. moved for reconsideration of the denial of his motion to intervene. AA II, 2023 WL 3619865, at *2. The family court denied reconsideration. Id. A.M. appealed. We held that A.M.'s appeal from the denial of his motion to intervene was moot. The supreme court affirmed the termination of A.M.'s parental rights, so A.M.'s only remaining interest was in visitation. But Adoptive Parents' adoption of Child extinguished A.M.'s visitation interest. Id. at *3 (citing HRS § 587A-33(d)). We also held that the family court's jurisdiction in the CPS Case terminated upon Child's adoption. Id. (citing HRS §§ 587A-4, 578-16(b)). We affirmed the family court's order denying A.M.'s motion for reconsideration. The supreme court rejected A.M.'s petition for writ of certiorari on August 22, 2023. No. SCWC-22-0000427, 2023 WL 5400092.

In the Adoption Case, A.M. moved to overturn Child's adoption on February 28, 2023. The family court entered an order denying A.M.'s motion on April 4, 2023. This appeal followed.

**(1)** HRS Chapter 578 governs adoptions. HRS § 578-12 (2018) governs setting aside or modifying adoption decrees. Revised Laws of Hawaii, 1955 (**RLH**) § 331-12 was the predecessor to HRS § 578-12. In In re Adoption of Watson, 45 Haw. 69, 361 P.2d 1054 (1961), the supreme court held that under RLH § 331-12, the family court may consider "a petition or motion filed by any *properly interested person* to . . . show good cause why a decree of adoption previously entered should be set aside or modified." Id. at 78, 361 P.2d at 1059 (emphasis added). The dispositive issue in this appeal is whether A.M. was a person "properly interested" in setting aside or modifying Child's adoption.

In the CPS Case, the supreme court affirmed the family court's termination of A.M.'s parental rights. AA I, 150 Hawaiʻi

at 285-86, 500 P.3d at 470-71.  A.M. is precluded from relitigating that issue.[2]  The order terminating A.M.'s parental rights stated:

> 13    Pursuant to HRS § 587A-33(b)(5) Mother and [A.M.] are
>       excluded from participating in adoption or other
>       subsequent proceedings and he/she/they shall not be
>       noticed of future hearings and he/she/they shall not
>       appear at future hearings unless he/she/they receive
>       further legal notice requiring such appearance[.]

Under these circumstances, A.M. was not a person "properly interested" in setting aside or modifying Child's adoption.  The family court did not err by denying A.M.'s motion to overturn Child's adoption.

**(2)**    A.M.'s argument that there was structural error in the CPS Case because the family court did not appoint counsel for the unidentified father, who was properly served and defaulted, AA I, 150 Hawaiʻi at 285-86, 500 P.3d at 470-71, is without merit.  See In re JH, 152 Hawaiʻi 373, 380, 526 P.3d 350, 357 (2023) (noting that without a client, "what's an attorney to do?" because counsel would be "hard-pressed to understand the parent's present objectives, and is challenged to provide sound, ethical representation").  It is also an impermissible collateral attack on the family court's orders in the CPS Case.  See In re Hawaiian Elec. Co., 149 Hawaiʻi 343, 358, 489 P.3d 1255, 1270 (2021) (discussing collateral attack doctrine).

**(3)**    A.M.'s argument that he was not given notice of the Adoption Case also lacks merit.  "[N]otice need not be given

---

    [2]    Issue preclusion, also referred to as collateral estoppel, applies when: (1) the fact or issue in the present action is identical with the one decided in the prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; (3) the parties to the present action are the same or in privity with the parties in the prior action; and (4) the fact or issue decided in the prior action was actually litigated, finally decided, and essential to the earlier valid and final judgment. Dannenberg v. State, 139 Hawaiʻi 39, 60, 383 P.3d 1177, 1198 (2016).  Adoptive Parents were allowed to intervene in the CPS case on May 29, 2019.  AA I, 150 Hawaiʻi at 276, 500 P.3d at 461.  Thus, A.M., Child, Adoptive Parents, and DHS — the parties to the CPS Case — are also the parties to this case.

to any parent whose parental rights have been legally terminated[.]"  HRS § 578-2(e).  A person "who does not have any legal interest or custodial right in and to the child, cannot assail an adoption decree on the basis that he was not made a party to or given notice of the adoption proceedings."  Watson, 45 Haw. at 74, 361 P.2d at 1057.  Cf. In re AG1 and AG2, ___ Hawaiʻi ___, ___ P.3d ___, 2024 WL 299417 (App. Jan. 26, 2024) (holding that HRS § 587A-13 does not require that a parent whose parental rights have been terminated be summoned if a subsequent petition concerning the child is filed).

We need not consider A.M.'s other points of error (concerning good cause to overturn the adoption).  The family court's April 4, 2023 "Order Denying Natural and Biological Father's Motion to Overturn Adoption" is affirmed.

DATED:  Honolulu, Hawaiʻi, February 9, 2024.

On the briefs:

Georgia K. McMillen,
for Appellant A.M.

Francis T. O'Brien,
for Petitioners-Appellees
C.C. and J.C.

Jonathan M. Fujiyama,
Julio C. Herrera,
Deputy Attorneys General,
State of Hawaiʻi,
for Appellee Department
of Human Services.

Shelby N. Ferrer,
for the Appellee Court Appointed
Special Advocates Program.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge